# Hopkins v. Wesley.

(Decided March 14, 1930.)

E. J. PICKLESIMER for appellant.

JEAN L. AUXIER and ERROL W. DRAFFIN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—
Affirming.

On December 27, 1923, the Pikeville Baking Company, a corporation of Pikeville, leased to appellant and plaintiff below, F. A. Hopkins, its baking establishment in Pikeville upon certain terms and considerations, among which were that the rental should be $200 per month, and the lease was for one year from the date of its taking effect, with the further provision that, "The lessor hereby agrees with the lessee and by his lease grants him the privilege of renewing said lease at the expiration of each year upon said terms and conditions herein expressed so that said right and privilege of renewal and extension is not to be exercised for a longer period of time than 5 years." Plaintiff occupied the leased premises and operated the bakery from that time until the —— day of April, 1924, or about four months, when he sold his business to the defendant and appellee, W. M. Wesley, and at the same time executed a writing assigning and transferring the lease under which he was occupying, and in which written assignment it was stipulated: "The intention of this agreement is that the

party of the second part (Wesley) is to become the holder of the aforesaid lease and assume all of the obligations and liabilities as well as the benefits instead and place of the party of the first part.'' (Hopkins).

It was also a part of the written assignment that in addition to the assignee, Wesley, assuming the payment to the baking company of the monthly rental of $200, he agreed to pay his assignor (Hopkins) $25 per month for eight months, and $12.50 per month for any additional time he occupied the premises under the original lease. Defendant took charge under that assignment and operated the bakery for eight months, which was the balance of the one-year term fixed in the original lease, but which, as we have stated, could be renewed or extended at the option of the lessee. At the expiration of that year he ceased to do business and vacated the leased property.

On February 21, 1929, more than four years after defendant surrendered his assigned lease, plaintiff, his assignor, filed this action in the Mercer circuit court, to which county defendant had removed, and in his petition he alleged that he had been compelled to and had paid the lessor in the original lease $574.78, which he alleged was the amount of unpaid rent due from defendant to the baking company accruing during the eight months he occupied the leased property, but which he had not paid, and plaintiff was compelled to and did pay. Plaintiff also sought to recover one month's additional rental of $25 that he claimed was due him from defendant under the written assignment of the lease, making a total sum of $599.78, for which he sought judgment.

The answer was a complete denial of all of the material averments of the petition, except it was admitted therein that plaintiff was the lessee in the original lease (the terms of which were also admitted) and that he assigned it to defendant under the terms contained in the written transfer. But it was denied that he abandoned the premises owing any rent, or that plaintiff was compelled to or did pay any such alleged unpaid rent in any amount whatever, and it was also denied that defendant owed plaintiff $25 for one month's additional rent agreed to be paid under the written transfer of the lease. Upon trial the court, according to the bill of exceptions, gave to the jury only one instruction which was prepared and offered by plaintiff, and it returned a

verdict for defendant, followed by a judgment dismissing the petition, and to reverse it, plaintiff, after his motion for a new trial was overruled, prosecutes this appeal.

When sifted to its final analysis, only one alleged error is argued in brief of counsel for plaintiff as a ground for reversing the judgment, and which is: That the court should have sustained plaintiff's motion for a peremptory instruction in his favor, and that argument is bottomed upon the theory that the burden under the pleadings was upon defendant which he failed to sustain. That contention is attempted to be worked out upon the assumption that defendant owed the original lessor, for the eight months he occupied the leased property, the total sum of $1,600, and to his assignor the additional sum of $25 per month, or a total of $200, making a grand total of $1,800, and that the burden was on him to show that he had discharged all of those obligations. However, the pleading as framed cast no such burden on defendant. Plaintiff alleged in his petition that defendant had not paid the amounts sued for, $25 of which was due directly to plaintiff and the balance to plaintiff's lessor, and which balance had been paid by him under a legal obligation to make it, and that he was entitled to reimbursement from defendant under an implied or legally created contract to that effect. Those facts were specifically denied, and, clearly, the burden was on plaintiff to prove them. If, however, it were otherwise, then the proof heard at the trial, especially the testimony of defendant himself, was amply sufficient to authorize the jury to find in his favor; or, in other words, to authorize a finding that he had sustained the burden if it had been cast on him by the pleadings.

Independently, however, of any such considerations, the testimony clearly shows in this case that the baking company who was the lessor, became a bankrupt on June 6, 1925. At that time it owed, among other creditors, a note to the Pikeville National Bank with some individual sureties thereon, one of whom was plaintiff. After or about the time of the winding up of that bankruptcy proceeding, defendant claims to have paid the $574.78, which he seeks to recover herein from defendant, to that bank, or its representative, and which it is clearly shown went as a credit on the $4,500 note upon

which plaintiff was surety for the baking company. If so done, and there is practically no testimony to the contrary, it was made to a person who had no authority to collect it, or so appropriate it, since it requires no argument to show that the only legal collector of debts due the bankrupt was and is his trustee, and when assets are so collected by the trustee they should be distributed pro rata to all of the creditors of the bankrupt, or to the preferred creditor if the collected fund be such as to be so applied. The debt due to the bank was not a preferred one of the bankrupt in this case, and when the alleged payment made by plaintiff reduced the amount of the bankrupt's (or lessor's) note, it to that extent relieved the obligation of plaintiff to that creditor.

Summarizing, our conclusions are: (1) That the evidence was sufficient to sustain the finding of the jury that defendant owed the lessor no rent, nor did he owe plaintiff the $25 additional rent also sued for; and (2) the payment, if made, was to one who had no right to collect it, or aply it, and being so it did not extinguish the balance of the rental due from defendant, if any.

Having so concluded, it results that we are without authority to reverse the judgment, and it is accordingly affirmed.